<table>
<tr><td><b>Fill in this information to identify the case:</b></td></tr>
</table>

United States Bankruptcy Court for the:

_____ District of   Delaware
                              (State)

Case number (*If known*): _____   Chapter   11

☐ Check if this is an
  amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    12/15

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

| | |
|---|---|
| 1. **Debtor's name** | Nuo Therapeutics, Inc. |

| | |
|---|---|
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Cytomedix, Inc. |

| | |
|---|---|
| 3. **Debtor's federal Employer Identification Number** (EIN) | 2  3  –  3  0  1  1  7  0  2 |

4. **Debtor's address**

**Principal place of business**

207A Perry Parkway
_____
Number       Street

Suite 1
_____

Gaithersburg, Maryland 20877
_____
City                State       ZIP Code

Montgomery
_____
County

**Mailing address, if different from principal place of business**

_____
Number       Street

_____
P.O. Box

_____
City                State       ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number       Street

_____

_____
City                State       ZIP Code

| | |
|---|---|
| 5. **Debtor's website** (URL) | http://www.nuot.com/ |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding  LLP)
☐ Other. Specify: _____

| Debtor | Nuo Therapeutics, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>5</u>   <u>4</u>   <u>1</u>   <u>9</u>

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____  Case number _____
                                          MM / DD / YYYY

          District _____  When _____  Case number _____
                                          MM / DD / YYYY

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No

☐ Yes.  Debtor _____  Relationship _____

          District _____  When _____
                                                          MM  /  DD  / YYYY

          Case number, if known _____

| Debtor | Nuo Therapeutics, Inc. | Case number (*if known*) |
| --- | --- | --- |
| | Name | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number        Street

_____

_____
City                                                    State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☒ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☒ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

| Debtor | Nuo Therapeutics, Inc. | Case number (if known) | |
| | Name | | |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☒ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   01/26/2016
                    MM / DD / YYYY

X _David Jorden_____          David E. Jorden
Signature of authorized representative of debtor          Printed name

Title   Acting Chief Executive Officer and acting Chief Financial Officer

**18. Signature of attorney**

X _____          Date   01/26/2016
Signature of attorney for debtor                    MM / DD / YYYY

William P. Bowden
Printed name
ASHBY & GEDDES, P.A.
Firm name
500 Delaware Avenue, P.O. Box 1150
Number        Street
Wilmington                              DE          19899
City                                    State      ZIP Code
302.654.1888                            wbowden@ashby-geddes.com
Contact phone                           Email address

2553                                    DE
Bar number                              State

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is __001-32518__ .

2. The following financial data is the latest available information and refers to the debtor's condition on __9/30/15__ .

a. Total assets $ __19,151,928__

b. Total debts (including debts listed in 2.c., below) $ __13,119,282__

c. Debt securities held by more than 500 holders

**None**

Approximate number of holders:

| | | | | |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

d. Number of shares of preferred stock __0__

e. Number of shares common stock __125,680,100__

Comments, if any: **As set forth in the Debtor's Form 10Q filed for period ending September 30, 2015: "At September 30, 2015 and November 12, 2015, we had total debt outstanding under the Deerfield Facility Agreement of $37.6 million, and $38.3 million, respectively, including accrued interest of $2,593,374 and $3,290,910, respectively."**

3. Brief description of debtor's business:   The Debtor is a biomedical company that pioneers leading-edge biodynamic therapies.  The Debtor's flagship product, Aurix™, is a biodynamic hematogel that uses a patient's own platelets and plasma as a catalyst for healing.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
Aldagen Holdings, LLC; John Paul DeJoria; Charles E. Sheedy; David E. Jorden

**MINUTES OF THE SPECIAL MEETING**
**OF**
**THE BOARD OF DIRECTORS**
**OF**
**NUO THERAPEUTICS, INC.,**

January 24, 2016

A special telephonic meeting of the Board of Directors (the "Board") of Nuo Therapeutics, Inc. (the "Corporation") was held on January 24, 2016 at 10:00 a.m. EST. The following directors were present at the meeting: David E. Jorden, Joseph Del Guercio, Stephen N. Keith and C. Eric Winzer.

Also present at the meeting were: (i) Jeff Baumell, Sam Alberts and Bryan Bates, of Dentons US LLP, as legal counsel to the Corporation; (ii) Shaun Martin and Barak Tulin, of Winter Harbor LLC, as financial advisor to the Corporation (Shaun Martin as chief restructuring officer of the Corporation); and (iii) Peter Kaufman, Patricia Caldwell and Phil Engel, of Gordian Group LLC, as investment banker and financial advisor to the Corporation. Joseph Del Guercio acted as Chairman of the meeting and David E. Jorden acted as Secretary of the meeting.

The Chairman called the meeting to order. Based on the number of directors in attendance at the meeting, the Secretary determined that a quorum was present and stated that the meeting could proceed.

## Approval of Chapter 11 Bankruptcy Filing and Related Actions

**WHEREAS**, the Board has reviewed and considered the financial and operational condition of the Corporation and the Corporation's business on the date thereof, including the historical performance of the Corporation, the assets of the Corporation, the current and long-term liabilities of the Corporation and credit market conditions;

**WHEREAS**, the Corporation appears to be insolvent and unable to pay its debts as they mature;

**WHEREAS**, the Board has had the opportunity to consult with the management and the financial and legal advisors to the Corporation and fully consider each of the strategic alternatives available to the Corporation;

**WHEREAS**, based on the Board's review, the Board deems it to be advisable and in the best interests of the Corporation, its creditors, shareholders and other interested parties, that a voluntary petition be filed by the Corporation seeking relief under the provisions of Chapter 11 of Title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code");

**WHEREAS**, the Board was presented with a draft of, and considered the transaction contemplated by, the proposed Senior Secured, Superpriority Debtor-In-Possession Credit Agreement substantially in the form attached hereto as Exhibit A (the "DIP Loan Agreement");

**WHEREAS,** the DIP Loan Agreement provides the terms and conditions on which the Corporation may receive certain debtor-in-possession financing from the lender(s) thereunder;

**WHEREAS**, the Board reviewed with management and the Corporation's legal and financial consultants the terms of the DIP Loan Agreement and the transactions contemplated thereby, had ample opportunity to consider, discuss and ask questions regarding (and so considered, discussed and asked questions regarding) the terms of the DIP Loan Agreement and the transactions contemplated thereby;

**WHEREAS**, in connection with contemplated filing for relief under Chapter 11 of the Bankruptcy Code, it is contemplated that the Corporation will seek the approval of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") of a process to sell substantially all of the Corporation's assets (the "Sale Process") pursuant to, among other sections and rules, section 363 of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, and other interests, except as otherwise may be provided in any transaction documents or court orders, and that the Corporation intends to sell substantially all of its assets pursuant to such court-supervised process, subject to the terms and conditions of various documents that will be considered and negotiated by the Corporation including, but not limited to, an asset purchase agreement;

**NOW, THEREFORE, BE IT RESOLVED,** that the Corporation file as soon as practicable a bankruptcy in accordance with Chapter 11 of the Bankruptcy Code, and it is further

**RESOLVED**, that David E. Jorden, as an officer of the Corporation ("Authorized Officer"), is authorized and directed to prepare and execute, or cause to be prepared and executed, all documents, petitions, pleadings and other instruments necessary or appropriate, in Authorized Officer's sole discretion, to cause the initiation and prosecution of a case under Chapter 11 of the Bankruptcy Code, and it is further

**RESOLVED**, that Authorized Officer is authorized and directed to employ, retain and compensate any professionals necessary or appropriate, in Authorized Officer's discretion, in connection with the Corporation's preparation for, commencement of, and prosecution of a case under Chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that the form, terms and provisions of the DIP Loan Agreement and each other document, instrument, certificate, notice or agreement to be executed and delivered by the Corporation in connection with the DIP Loan Agreement (collectively, the "DIP Loan Documents") be, and the same hereby are, in all respects approved, and Authorized Officer is hereby authorized and empowered, in the name of and on behalf of the Corporation, to execute and deliver each of the DIP Loan Documents to which the Corporation is a party, with such changes, additions and modifications thereto as approved by Authorized Officer; and it is further

**RESOLVED**, that Authorized Officer be, and hereby is authorized, directed and empowered from time to time in the name and on behalf of the Corporation to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Corporation or otherwise, any and all such other documents, agreements, certificates, writings and instruments to be delivered in connection with the DIP Loan Documents and the Sale Process; and it is further

**RESOLVED**, that Authorized Officer be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to have the Corporation pay all fees and expenses, which shall in Authorized Officer's sole judgment be necessary, proper or advisable to perform the Corporation's obligations under or in connection with the DIP Loan Documents, Sale Process and the Corporation's Chapter 11 proceedings, and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolutions; and it is further

**RESOLVED**, that Authorized Officer be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Loan Documents which shall in Authorized Officer's sole judgment be necessary, proper or advisable; and it is further

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Corporation, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified; and it is finally

**RESOLVED**, that Authorized Officer be, and hereby is, authorized to take all such further action, as Authorized Officer may deem necessary, proper, convenient or desirable, in order to carry out each of the foregoing resolutions and fully to effectuate the purposes and intents thereof.

The undersigned, being the Secretary of the Corporation, does hereby certify, on behalf of the Corporation and not in an individual capacity, as follows:

1.  I am the duly qualified and appointed Secretary of the Company, and as such, am familiar with the facts certified herein, and I am duly authorized to certify the same on behalf of the Corporation;

2.  The foregoing is a true, correct and complete copy of the resolutions duly adopted by the Board at the meeting; and

3.  The resolutions have not been modified or rescinded, and are in full force and effect as of the date here.

IN WITNESS WHEREOF, the undersigned has executed and caused this certificate to be delivered on behalf of the Corporation as of January 24, 2016.

David E. Jorden, Secretary

**Exhibit A**

DIP Loan Agreement

# [REDACTED]

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Nuo Therapeutics, Inc., | Case No. 16-_____(__) |
| Debtor. | |

### CERTIFICATION OF LIST OF CREDITORS WHO
### HAVE THE 20 LARGEST UNSECURED CLAIMS AND ARE NOT INSIDERS

The above-captioned debtor and debtor-in-possession (the "Debtor") hereby certifies that the List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (the "Top 20 List") submitted herewith contains the names and addresses of the Debtor's top 20 unsecured creditors. To the best of the Debtor's knowledge, the Top 20 List is complete, correct, and consistent with the Debtor's books and records as of the date hereof (the "Petition Date").

The information contained in the Top 20 List is based upon a review of the Debtor's books and records as of the Petition Date. However, no comprehensive legal or factual investigations with regard to possible defenses to any claims set forth in the Top 20 List have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claim; (2) an acknowledgement of the allowability of any listed claim; or (3) a waiver of any other right or legal position of the Debtor.

**Fill in this information to identify the case:**

Debtor name ___Nuo Therapeutics, Inc.___

United States Bankruptcy Court for the: _____ District of ___Delaware___
(State)

Case number (If known):    _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | ARTHREX ATTN: ROBERT HARRISON, CCP 1370 CREEKSIDE BLVD NAPLES, FL  34108 | ROBERT HARRISON, CCP 239-643-5553 X2116 ROBERT.HARRISON@ARTHREX.COM | Contingent Warranty Obligation / Deposit | Contingent | | | 834,144.76 |
| 2 | BIOPROD D.O.O. ATTN: RUDI ROCAK STEGNE 11 LJUBLJANA  1521  SLOVENIA | RUDI ROCAK 00386-1-5133770 RUDI.ROCAK@BIOIKS.SI | Trade Payable | | | | 594,018.33 |
| 3 | STEGMAN & COMPANY 809 GLEN EAGLES COURT SUITE 200 BALTIMORE, MD  21286 | M. CONOR QUINN 410-823-8000 CQUINN@STEGMAN.COM | Professional Services Agreement ($172,463.63 accrual) | | | | 188,051.88 |
| 4 | CARELYN FYLLING 434 VIA CINTIA PUNTA GORDA, FL 33950 | 218-355-1560 cfylling@fylling.com | Employee Severance | | | | 152,826.00 |
| 5 | NEW HAMPSHIRE BALL BEARING ATTN: STEVE FANCY PRECISION DIVISION/CORP HEADQUARTERS 9700 INDEPENDENCE AVENUE CHATSWORTH, CA  91311 | STEVE FANCY 818-993-4100 | Inventory Received Not Invoiced | | | | 88,701.91 |
| 6 | CPA GLOBAL LIMITED 2318 MILL ROAD, 12TH FLOOR ALEXANDRIA, VA  22314 | KULDEEP SINGH 866-739-2239 ARENQUIRIES@CPAGLOBAL.COM | Trade Payable | | | | 84,383.10 |
| 7 | NET HEALTH SYSTEMS, INC. ATTN: ROXANNA CHITU 40 24TH STREET - 1ST FLOOR PITTSBURG, PA  15222 | ROXANNA CHITU 412-261-1366 X3600 RCHITU@NHSINC.COM | Trade Payable | | | | 80,000.00 |
| 8 | SPARTON MEDICAL SYSTEMS ATTN: DAN MARTINEZ 4300 GODDING HOLLOW FREDERICK CO, 80504-9486 | DAN MARTINEZ 303-678-8585 EXT: 5348 DMARTINEZ@SPARTON.COM | Trade Payable | | | | 70,486.66 |

Debtor    Nuo Therapeutics, Inc.
          Name

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | AAPC PO Box 35199 Seattle WA 98124 | Lynn Lamb 801-236-2200 lynn.lamb@aapc.com | Trade Payable | Disputed | | | 50,000.00 |
| 10 | DEPUY SPINE INC ATTN: DAVID DUQUENO 325 PARAMOUNT DRIVE RAYNHAM, MA  02767-5199 | DAVID DUQUENO 800-227-6633 DEPUYSPINE@DPYUS.JNJ.COM | Trade Payable | | | | 44,537.45 |
| 11 | PFIZER INC 235 EAST 42ND STREET NY, NY  10017 | 1-888-284-8140 RECEIVABLES_NA@PFIZER.COM | Trade Payable | | | | 42,203.00 |
| 12 | CURATIVE HEALTH SERVICES ATTN: SARAH HOSCH 4500 SALISBURY ROAD, SUITE 300 JACKSONVILLE, FL  32216 | SARAH HOSCH 904-296-6526 SHOSCH@DIVERSIFIEDCS.COM | Trade Payable | | | | 36,664.23 |
| 13 | WAVERLY HOLDINGS LLC 3919 EILEEN DRIVE CINCINNATI, OH  45209-2014 | CHRISTOPHER T. HALBERT 513-351-3101 | Trade Payable | | | | 36,664.18 |
| 14 | APPLIED QUALITY SOLUTIONS, LLC ATTN: NATHAN HUNT 7407 ROSEMEAD LANE CHESTERFIELD, VA  23939 | NATHAN HUNT 443-506-8911 NHUNT@NUOT.COM | Trade Payable | | | | 34,573.75 |
| 15 | HMP COMMUNICATIONS LLC 83 GENERAL WARREN BLVD SUITE 100 MALVERN, PA  19355 | KRISTEN J. MEMBRINO 610-560-0500 KMEMBRINO@HMPCOMMUNICATIONS.COM | Trade Payable | | | | 33,925.00 |
| 16 | MARTIN ROSENDALE 1915 LONG CORNER ROAD MOUNT AIRY, MD 21771 | Martin@selnova.com 301-300-5752 | Employee Severance | | | | 32,084.00 |
| 17 | MARYLAND ECONOMIC DEVELOPMENT FUND GRANT  ATTN: PETER B. BANG MONTGOMERY COUNTY DEPARTMENT OF ECONOMIC DEVELOPMENT 111 ROCKVILLE PIKE SUITE 800 ROCKVILLE, MD  20850 | PETER B. BANG 240-777-2000 | Accrued Liability | | | | 30,000.00 |
| 18 | COREPERFORMX ADVISORY GROUP LLC ATTN: KAREN GLADIS 138 THURGOOD STREET GAITHERSBURG, MD  20878 | KAREN GLADIS 301-534-1534 KGLADIS@CORPERFORMX.COM | Trade Payable | | | | 30,000.00 |
| 19 | FISH & RICHARDSON PC ONE MARINA PARK DRIVE BOSTON, MA  02110-2804 | 617-542-5070 | Professional Services | | | | 29,998.03 |
| 20 | Andrew Cohen 522 Madison Street Nashville, TN 37208 | | Employee Severance | | | | 28,125.00 |

**Fill in this information to identify the case and this filing:**

Debtor Name ___Nuo Therapeutics, Inc.___

United States Bankruptcy Court for the: _____ District of ___Delaware___
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☐ *Schedule H: Codebtors* (Official Form 206H)

- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- ☐ Amended *Schedule* _____

- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- ☐ Other document that requires a declaration_____


I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___01/26/2016___    ✗ _David Jorden (signature)_____
    MM / DD / YYYY    Signature of individual signing on behalf of debtor

    ___David E. Jorden___
    Printed name

    ___Acting Chief Executive Officer and acting Chief Financial Officer___
    Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Nuo Therapeutics, Inc., | Case No. 16-_____(\_\_) |
| Debtor. | |

## STATEMENT OF CORPORATE OWNERSHIP

Pursuant to Federal Rules of Bankruptcy Procedures 1007(a)(1) and 7007.1, Nuo Therapeutics, Inc. (the "Debtor") respectfully represents as follows:

The Debtor's equity securities are publicly held.  To the best of the Debtor's knowledge, information and belief, as of the date hereof, the following individuals and entities directly or indirectly own 10% of more of the issued and outstanding common stock of the Debtor:

Aldagen Holdings, LLC

**Fill in this information to identify the case and this filing:**

Debtor Name ___Nuo Therapeutics, Inc.___

United States Bankruptcy Court for the: _____ District of ___Delaware___
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule ____*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration_____Statement of Corporate Ownership_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___01/26/2016___        ✗ _/s/ David Jorden_____
MM / DD / YYYY                              Signature of individual signing on behalf of debtor

David E. Jorden
Printed name

Acting Chief Executive Officer and acting Chief Financial Officer
Position or relationship to debtor