IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Nuo Therapeutics, Inc.,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-10192 (MFW)<br><br>**Waiver of LR 2016-2**<br><br>Hearing Date: February 22, 2016 at 9:30 a.m. (ET)<br>Objection Deadline: February 16, 2016 at 12:00 p.m. (ET) |

## APPLICATION FOR AUTHORITY TO EMPLOY GORDIAN GROUP, LLC AS INVESTMENT BANKER AND FINANCIAL ADVISOR TO THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE, PURSUANT TO BANKRUPTCY CODE SECTIONS 327 AND 328

The above-captioned debtor and debtor in possession (the "Debtor") hereby files this application (the "Application") seeking entry of an order, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing and approving the retention of Gordian Group, LLC ("Gordian") as the Debtor's investment banker and financial advisor *nunc pro tunc* to the Petition Date (defined herein). In support of this Application, the Debtor relies upon and incorporates by reference the *Declaration of Peter S. Kaufman in Support of the Debtor's Application for Authority to Employ Gordian Group, LLC as Investment Banker and Financial Advisor to the Debtor, Nunc Pro Tunc to the Petition Date, Pursuant to Bankruptcy Code*

*Sections 327 and 328* (the "Kaufman Declaration") attached hereto as **Exhibit B**, and respectfully states as follows:[1]

### Jurisdiction, Venue, and Predicates for Relief

1. This Court has jurisdiction over this Application under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory bases for the relief requested herein are (i) sections 327(a), 328(a), and 1107 of the Bankruptcy Code; (ii) Bankruptcy Rules 2014 and 2016; and (iii) Local Rules 2014-1 and 2016-2.

3. Further, pursuant to Local Rule 9013-1(f), the Debtor hereby consents to the entry of a final judgment or order in connection with this Motion if it is determined that this Court cannot—absent the consent of the parties—enter such final judgment or order consistent with Article III of the United States Constitution.

### Background

4. On January 26, 2016 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is authorized to operate its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. No creditors' committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") in this chapter 11 case. No trustee or examiner has been appointed in this chapter 11 case.

6. A full description of the Debtor's business operations, corporate structure, capital structure, and reasons for commencing this case is set forth in the Declaration of David E. Jorden

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Engagement

*(footnote continued on next page)*

in Support of First Day Motions (the "Jorden Declaration") [Docket No. 3], which was filed on the Petition Date and is incorporated herein by reference. Additional facts in support of the specific relief sought herein are set forth below.

### Relief Requested

7. By this Application, the Debtor respectfully requests the entry of an order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing the Debtor to employ Gordian as its investment banker and financial advisor on the terms set forth herein and in that certain engagement letter between the Debtor and Gordian dated December 28, 2015 (the "Engagement Letter"), a copy of which is annexed hereto as **Exhibit A**, and approving the proposed compensation of Gordian as set forth in the Engagement Letter. In support of this Application, the Debtor submits the declaration of Peter S. Kaufman at Gordian, a copy of which is annexed hereto as **Exhibit B**.

### Basis for Relief

8. Pursuant to section 327(a) of the Bankruptcy Code, the Debtor requests that the Court approve the retention of Gordian as its investment banker and financial advisor to perform investment banking and advisory services that will be necessary during this chapter 11 case. Under sections 327 and 328 of the Bankruptcy Code, a debtor-in-possession may employ one or more professionals that do not hold or represent an interest adverse to the estate and that are disinterested persons to assist such parties in carrying out their duties under the Bankruptcy Code. Specifically, section 328(a) of the Bankruptcy Code provides:

> The [Debtor], with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on retainer, on an hourly

---

Letter (defined herein).

basis, on a fixed basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

Bankruptcy Rule 2014 requires that a motion for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all the [firm's] connections with the debtor, creditors, and any other party in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014.

9. By this Application, pursuant to section 328(a), the Debtor requests that the Court approve the compensation arrangements described in Gordian's Engagement Letter. Section 328(a) permits the compensation of professionals, including investment bankers and financial advisors, on more flexible terms that reflect the nature of their services and market conditions, which is a significant departure from prior bankruptcy practice relating to the compensation of professionals. The Debtor and Gordian believe that the terms of the Engagement Letter are customary and reasonable for investment banking engagements, both out of court and in chapter 11 proceedings. *See, e.g., United Artists Theatre Co. v. Walton (In re United Artists Theatre Co.)*, 315 F.3d 217, 234 (3d Cir. 2003) (finding indemnification agreement between debtor and financial advisor reasonable under section 328); *In re BearingPoint, Inc.*, No. 09-10691 (CGM) (Bankr. S.D.N.Y. Apr. 17, 2009) (approving retention and indemnification agreement); *In re Lehman Brothers Holdings Inc.*, No. 08-13555 (JMP) (Bankr. S.D.N.Y. Dec. 17, 2008) (same); *In re Calpine Corp.*, No. 05-60200 (Bankr. S.D.N.Y. 2000) (same). Accordingly, the Debtor respectfully submits that the terms of the Engagement Letter are reasonable and customary and should be approved in this chapter 11 case.

## Gordian's Qualifications

10. The Debtor has determined that it is in the best interests of the Debtor, its estate, and its creditors that the Debtor continues to work with Gordian under the arrangements set forth in the Engagement Letter, and believes that the terms of the employment and compensation of Gordian under the arrangements set forth in the Engagement Letter should be approved under section 328(a) of the Bankruptcy Code. Section 328(a) of the Bankruptcy Code specifically allows payment on "a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Thus, the Debtor respectfully requests that this Court approve the Debtor's application to employ Gordian on a fixed percentage fee basis or on a contingent fee basis as described in the compensation structure set forth in the Engagement Letter.

11. The Debtor seeks to retain Gordian as its investment banker and financial advisor because of Gordian's knowledge, experience, and expertise in the field of financial restructurings and reorganizations under chapter 11 of the Bankruptcy Code and because the Debtor requires an investment banker and financial advisor to assist it in performing the tasks associated with fulfilling its objectives in this chapter 11 case.

12. Gordian is one of the nation's leading boutique investment banks specializing in complex and distressed financial advisory work with offices located at 950 Third Avenue, 17th 5th floor, New York, New York 10022. In more than twenty-seven years, Gordian has successfully completed over 275 engagements on behalf of companies, boards of directors and equity security holders. Additionally, Gordian has a long history advising banking and insurance institutions, regulators, state governments, and federal agencies.

13. Gordian is a leading provider of investment banking services in chapter 11 bankruptcy proceedings. Gordian's professionals have extensive experience advising debtors

and other constituents in chapter 11 bankruptcy proceedings and have served as investment bankers and/or financial advisors to numerous debtors and other parties-in-interest in restructurings involving, among others, Alexander Gallo Holdings, American Airlines, Integrated Electrical Services, Inc., Jobson Medical Information Holdings, LTV Steel, Mississippi Chemical Corporation, Osyka Corporation, Solutia, Inc., Spansion Inc., Summit Global Logistics, and Xtreme Power Inc. Accordingly, Gordian has developed considerable expertise in many of the issues that will be presented in this engagement.

14. Given Gordian's extensive knowledge and expertise in financial restructurings and reorganizations under chapter 11 of the Bankruptcy Code, the Debtor believes that Gordian's employment as its investment banker and financial advisor to render such services as are necessary and appropriate in connection with the matters set forth herein and other matters that may arise during the pendency of this chapter 11 case is in the best interests of the Debtor, its creditors, and other parties-in-interest in this chapter 11 case.

### Services to be Provided by Gordian

15. Employment of Gordian as the Debtor's investment banker and financial advisor is appropriate and necessary to enable the Debtor to maximize the value of its estate for the benefit of the Debtor's stakeholders through a Financial Transaction (as defined in the Engagement Letter). The Debtor anticipates that Gordian will provide the following services to it in this chapter 11 case:[2]

> a) Advise and assist the Debtor with the general formulation and evaluation of various options for effecting one or more possible Financial Transactions;

---

[2] All capitalized terms shall have the meaning ascribed in the Engagement Letter. To the extent there is any conflict between the terms set forth in this Application and the terms set forth in the Engagement Letter, the terms set forth in the Engagement Letter shall govern.

b) Advise and assist the Debtor regarding any potential restructuring, amendment, extension, conversion, exchange, compromise, repayment, retirement, assumption, refinancing or other modification or satisfaction of the Debtor's indebtedness and/or obligations;

c) Advise and assist the Debtor in raising new or replacement debt or equity capital (or other investment or financing) for the Debtor or its affiliates, including identifying and, to the extent agreed by the Debtor, contacting potential parties to any such investment or financing;

d) Advise and assist the Debtor regarding any potential merger or sale of any of the Debtor and its affiliates or their securities, assets or businesses, including identifying and, to the extent agreed by the Debtor, contacting potential parties for any such merger or sale;

e) Assist in preparing, for review and approval by the Debtor, proposals to creditors, equity holders and other parties-in-interest in connection with any possible Financial Transaction;

f) Assist with the structuring and implementation of any Financial Transaction, including evaluating proposals from, and participating in negotiations with, third parties regarding such Financial Transaction;

g) Assist with making presentations to the Board of Directors regarding any potential Financial Transaction, its participating parties and/or other financial issues related thereto;

h) Provide testimony to any bankruptcy court, as appropriate and mutually agreed upon by Gordian and the Debtor; and

i) Render such other financial advisory and investment banking services as may be mutually agreed upon by Gordian and the Debtor.

16. The Debtor requires a knowledgeable investment banker and financial advisor to render these essential professional services. Subject to the Court's approval, Gordian has agreed to render such services as the Debtor's investment banker and financial advisor in accordance with the terms set forth in the Engagement Letter.

17. The Debtor believes that the services provided by Gordian will not duplicate the services that other of the Debtor's retained professionals will provide in this chapter 11 case. For

example, the services that Gordian has agreed to provide to the Debtor (subject to Court approval) do not include the rendering of any valuation, fairness, or solvency opinions, except in connection with testimony in the Bankruptcy Court concerning a Financial Transaction, as appropriate and mutually agreed upon by Gordian and the Debtor. If Gordian is asked to render any valuation, fairness or solvency opinions in connection with this chapter 11 case, the Debtor will file an application with the Court seeking authority to employ and retain Gordian for such purposes and for authority to compensate Gordian for such services at an amount to be agreed upon by the Debtor and Gordian. Thus, Gordian will carry out unique functions and will use reasonable efforts to coordinate with the Debtor's other professionals to avoid the unnecessary duplication of services.

## Disinterestedness of Gordian

18.     As set forth in the Kaufman Declaration, in connection with its proposed retention by the Debtor, Gordian undertook to determine whether it had any "connection" (as such term is used in Bankruptcy Rule 2014(a)) with Debtors, their creditors, any other party-in-interest in the Chapter 11 Cases or their respective attorneys or accountants, to the extent any such entities were known at such time (the "Case Parties") or other relationships that might cause it not to be disinterested or hold or represent an interest adverse to the Debtor or its estate. In connection with this inquiry, Gordian researched a list provided to it by the Debtor of names of individuals and entities that may be Case Parties in the chapter 11 case. Gordian has researched its client files and records to determine its connections with the Case Parties.

19.     To the best of Gordian's knowledge, information, and belief, and except as may be set forth in the Kaufman Declaration, Gordian does not represent and has not represented any of the Case Parties, any other parties-in-interest, or any of their respective affiliates or their

respective attorneys or accountants, in any matter relating to the Debtor, its estate, or the chapter 11 case. Additionally, to the best of Gordian's knowledge and except as may be set forth in the Kaufman Declaration, Gordian does not hold or represent any interest adverse to the interests of the Debtor, the Debtor's largest creditors, or other significant parties in interest. Finally, to the best of Gordian's knowledge, information and belief, and except as may be set forth in the Kaufman Declaration, Gordian has no connections with the U.S. Trustee, any person employed by the U.S. Trustee, or any United States District Court Judge or United States Bankruptcy Judge in the District of Delaware.

20. To the extent that Gordian has been retained to represent any of the Case Parties in matters unrelated to the chapter 11 case, such Case Parties are identified in the Kaufman Declaration only with respect to matters that are wholly unrelated to the chapter 11 case. Other than the matters identified in the Kaufman Declaration, Gordian is unaware of any relationships that it has had with the Case Parties. Accordingly, Gordian is a "disinterested person" within the meaning of sections 101(14), 327, 328, and 1107 of the Bankruptcy Code.

### Gordian's Compensation

21. Gordian's decision to advise and assist the Debtor in connection with the chapter 11 case is subject to its ability to be retained in accordance with the terms of the Engagement Letter pursuant to section 328(a) of the Bankruptcy Code.

22. Subject to the Court's approval, the Debtor requests that Gordian be compensated as follows:

(a) <u>Upfront Fee</u>: $75,000 payable upon execution of the agreement (the "<u>Upfront Fee</u>"), which amount the Debtor paid to Gordian before the commencement of this chapter 11 case; plus

(b) <u>Monthly Fees</u>: Thereafter, subsequent monthly fees of $50,000 per month, payable beginning thirty (30) days after the execution of the Engagement Letter (the "<u>Monthly Fees</u>");

(c) <u>Transaction Fee</u>: In connection with the consummation of each Financial Transaction, fees ("<u>Transaction Fees</u>" collectively with the Upfront Fee and the Monthly Fees, the "<u>Fees</u>") payable concurrently with and as a condition to consummation of such Financial Transaction, consisting of 2.00% of the Aggregate Consideration (as defined in the Engagement Letter); <u>provided, however</u>, that Gordian will receive a $100,000 success fee (the "<u>Success Fee</u>") in lieu of a Transaction Fee in the event that (i) the Debtor closes a sale to Deerfield Management Company, L.P. (or its affiliates) of substantially all of the Debtor's assets <u>and</u> (ii) no other potential purchaser has submitted a Qualified Bid (as defined in the Bid Procedures Order) for the Debtor's assets; and

(d) <u>Expenses Reimbursement</u>. Gordian shall be reimbursed upon invoice for all of its reasonable out-of-pocket expenses (including legal, travel, phone, duplicating, courier and facsimile) incurred in connection with Gordian's engagement hereunder; provided, however, that Gordian shall require the prior consent of the Debtor (which shall not be unreasonably withheld) before incurring any legal expenses for which it is seeking reimbursement (other than pursuant to the indemnification and other provisions in Section 12 of the Engagement Letter).

23. If the Debtor's engagement of Gordian is terminated by either the Debtor or Gordian, the Debtor shall remain liable for any unpaid Fees accrued or payable at the time of termination (including for any Financial Transactions already signed but not yet consummated) and expenses incurred prior to termination. In the event of termination of this engagement the Company shall also remain liable for the Transaction Fees in accordance with the terms of the Engagement Letter if within twelve (12) months after such termination definitive documentation is entered into with respect to a Financial Transaction and such Financial Transaction is subsequently consummated (regardless of whether other Transaction Fees, for other Financial Transactions, have already been paid).

24. Gordian understands that any compensation and expenses paid to it must be approved by the Court upon application consistent with the Bankruptcy Code, applicable Bankruptcy Rules, applicable Local Rules, and Orders of the Court. Accordingly, Gordian

intends to apply to the Court for the allowance of compensation in this chapter 11 case in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other related orders or procedures that may be fixed by the Court (to the extent that compliance is not waived) and consistent with the proposed compensation set forth in the Engagement Letter.

25. However, given that (i) it is not the general practice of investment banking firms such as Gordian to keep detailed time records similar to those customarily kept by attorneys, (ii) Gordian does not ordinarily keep time records on a "project category" basis, and (iii) Gordian's compensation is based on a fixed Monthly Fee and a Transaction Fee, the Debtor respectfully requests that the requirements of the Bankruptcy Code, the Bankruptcy Rules, the United States Trustee Guidelines, Local Rule 2016-2, and any other Orders and procedures of the Court be modified pursuant to Local Rule 2016-2(h) such that Gordian's restructuring professionals shall be required to maintain records (in summary format) of the services rendered for the Debtor, including summary descriptions of those services, the time expended in providing those services (in half-hour increments), and the identity of the restructuring professional who provided those services. Moreover, the Debtor respectfully requests that Gordian's restructuring professionals not be required to keep time records on a "project category" basis, that its non-restructuring professionals and personnel in administrative departments not be required to maintain any time records, and that it not be required to provide or conform to any schedule of hourly rates. To the extent that Gordian would otherwise be required to submit more detailed time records for its professionals by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines, or other applicable procedures and Orders of the Court, the Debtor respectfully requests that the Court waive such requirements.

26. As set forth above, the Debtor seeks to retain Gordian in accordance with the terms of the Engagement Letter pursuant to section 328(a) of the Bankruptcy Code.

**Indemnification**

27. As more fully outlined in the Engagement Letter and subject to this Court's approval, the Debtor agrees to indemnify and hold harmless Gordian and its affiliates and their respective members, partners, officers, directors, employees, controlling persons, representatives and agents (each an "Indemnified Party") to the full extent lawful from and against, and agrees that Gordian shall have no liability to any of the Debtor or its affiliates, successors, assigns, creditors or security holders for, any losses, claims, expenses, damages or liabilities (or actions or proceedings in respect thereof), including without limitation counsel fees and expenses, (i) related to or arising out of (x) information provided or approved by or on behalf of any of the Debtor or its affiliates or (y) action taken or not taken by the Debtor or its affiliates, or by Gordian at the Debtor's request or with the Debtor's consent, or (ii) otherwise related to or arising out of Gordian's engagement under the Engagement Letter, or any transaction or conduct in connection therewith, except that these clauses (i) and (ii) shall not apply to the extent that any such loss, claim, expense, damage or liability is finally judicially determined to have resulted solely from Gordian's gross negligence or willful misconduct in performing the services that are the subject of the Engagement Letter.

28. The Debtor believes that the compensation arrangement entered into with Gordian is consistent with, and typical of, compensation arrangements entered into by Gordian and other comparable firms in connection with the rendering of similar services under similar circumstances both in and out of bankruptcy proceedings. The Debtor also believes that the compensation arrangement with Gordian reflects a balance between a fixed, monthly fee and a contingency amount, which is tied to the consummation of a Financial Transaction and the

realities of the chapter 11 case. In determining the compensation arrangement, the Debtor compared Gordian's fee proposal to comparable precedents. After such comparison, followed by discussions and arms'-length negotiations, the Debtor believes that the compensation arrangement is in fact reasonable, market-based, and designed to compensate Gordian fairly for its work.

29. By virtue of the foregoing, the Debtor believes that the employment of Gordian as its investment banker and financial advisor is appropriate and is in the best interests of the Debtor, its estate, its creditors, and other parties in interest. The Debtor requests that Gordian's retention as its investment banker and financial advisor in connection with the chapter 11 case be approved, effective as of the Petition Date, because Gordian commenced providing services to the Debtor on that date.

### Notice

30. The Debtor will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the 20 largest unsecured claims against the Debtor; (iii) counsel to Deerfield Management Company, L.P.; and (iv) any such other party entitled to notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

31. No prior motion or application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit C**, granting the relief requested herein, and such other and further relief as the Court deems just and proper.

This 1st day of February 1, 2016.

_____
Name: David Jorden
Title: Acting CEO/CFO