# Exhibit C

(Proposed Order)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Nuo Therapeutics, Inc., | Case No. 16-10192 (MFW) |
| Debtor. | Related Docket No. _____ |

## ORDER APPROVING EMPLOYMENT OF GORDIAN GROUP, LLC AS INVESTMENT BANKER AND FINANCIAL ADVISOR TO THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE, PURSUANT TO BANKRUPTCY CODE SECTIONS 327 AND 328

This matter is before the Court on the application (the "Application")[1] of the above-captioned debtor and debtor-in-possession (the "Debtor") for approval, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, of (i) the employment of Gordian Group, LLC ("Gordian") as investment banker and financial advisor to the Debtor, *nunc pro tunc* to the Petition Date, on the terms set forth in the Application and the Engagement Letter and (ii) the compensation of Gordian on the terms set forth in the Application and the Engagement Letter. The Court having held a hearing to consider the requested relief, upon the record of such hearing and all of the proceedings before this Court, no further notice or opportunity to be heard being necessary, the Court finds and determines that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409; (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (d) notice of the Application was sufficient; (e) the legal and factual basis set forth in the Application, the Jorden Declaration, and the Kaufman Declaration

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

establish just cause for the relief granted herein; (f) Gordian does not hold or represent any interest adverse to the Debtor's estate; (g) Gordian is a "disinterested person" as defined in Section 101(14) of the Bankruptcy Code and as required by Section 327(a) of the Bankruptcy Code; (h) the terms and conditions of Gordian's employment, including the compensation structure set forth in the Engagement Letter, are reasonable as required by Section 328(a) of the Bankruptcy Code; and (i) the requested relief is in the best interests of the Debtor, the Debtor's estate, creditors and all parties in interest; accordingly, **IT IS HEREBY ORDERED:**

1. The Application is hereby GRANTED as set forth herein.

2. The Debtor is hereby authorized to, pursuant to section 327(a) of the Bankruptcy Code, employ and retain Gordian as its investment banker and financial advisor on the terms set forth in the Application, the Kaufman Declaration, and the Engagement Letter (a copy of which is attached to the Application as <u>Exhibit A</u>), *nunc pro tunc* to the Petition Date.

3. As detailed in the Application, if (i) the Debtor closes a sale to Deerfield Management Company, L.P. (or its affiliates) of substantially all of the Debtor's assets <u>and</u> (ii) no other potential purchaser has submitted a Qualified Bid (as defined in the Bid Procedures Order) for the Debtor's assets, Gordian will be paid the $100,000 Success Fee in lieu of the Transaction Fee.

4. Gordian shall be entitled to payment as set forth in the Engagement Letter, pursuant to section 328(a) of the Bankruptcy Code.

5. Gordian shall apply to this Court for compensation for its professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 case; <u>provided</u>, <u>however</u>, that any such application of Gordian shall be subject to review solely pursuant to the standard of review set forth in section 328(a) of the Bankruptcy Code, any and all

standards under section 330 of the Bankruptcy Code shall not apply, and Gordian shall not be required to comply with the provisions of Local Rule 2016-2(d).

6. Notwithstanding any security interest, interest or lien asserted by any person, entity or governmental authority in the assets of the Debtor, or any other order of this Court, the fees due to Gordian under the Engagement Letter shall be paid from the proceeds of any Financial Transaction (as defined in the Engagement Letter) or otherwise from the assets of the Debtor upon the consummation of any such Financial Transaction, in all cases free and clear of any such claimed or asserted security interest, interest or lien.

7. Notwithstanding anything to the contrary in this Order, the U.S. Trustee shall retain the right and be entitled to object to the Monthly Fee, the Transaction Fee, and any other disposition fee based on the reasonableness standard under sections 330 and 331 of the Bankruptcy Code. The Debtor and Gordian further stipulate and agree that this Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Gordian's compensation under sections 330 and 331 of the Bankruptcy Code.

8. Gordian is not required to maintain complete and detailed descriptions of all activities undertaken on behalf of a debtor as long as Gordian provides an overview of time records which set forth by date and individual a description that fairly describes the services provided by each individual for that date.

9. The Indemnification provisions of the Engagement Letter are approved.

10. Any stay applicable to this Order pursuant to Bankruptcy Rule 6004 is hereby waived.

11. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

12. The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2016
      Wilmington, Delaware

_____
Honorable Mary F. Walrath
United States Bankruptcy Judge