**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Nuo Therapeutics, Inc., | Case No. 16-10192 (MFW) |
| Debtor. | Related Docket Nos. 247, 248, 321, 344 & 367 |

**NOTICE OF (I) ENTRY OF CONFIRMATION ORDER (A) GRANTING FINAL APPROVAL OF DISCLOSURE STATEMENT AND (B) CONFIRMING THE DEBTOR'S MODIFIED FIRST AMENDED PLAN OF REORGANIZATION OF THE DEBTOR, (II) OCCURRENCE OF EFFECTIVE DATE, AND (III) REJECTION CLAIM BAR DATE**

1. **Confirmation of the Plan**. On April 25, 2016, the United States Bankruptcy Court of the District of Delaware (the "Bankruptcy Court") entered the *Order Granting Final Approval of Disclosure Statement and Confirming Debtor's Plan of Reorganization* [Docket No. 367] (the "Confirmation Order") (a) approving the *Disclosure Statement for the First Amended Plan of Reorganization of the Debtor* [Docket No. 248] (with all modifications, amendments, or supplements, the "Disclosure Statement") and (b) confirming the Debtor's *Modified First Amended Plan of Reorganization of the Debtor* [Docket No. 344] (with all modifications, amendments, or supplements, the "Plan").[1]

2. **Cancellation and Surrender of Instruments, Securities, and Other Documentation**. As set forth in Section 6.8 of the Plan, and except as otherwise expressly provided in the Plan, all instruments, securities, and other documentation or agreements representing or giving rise to Claims against or Equity Interests in the Debtor (including any rights to acquire Equity Interests in the Debtor) are deemed canceled and of no further force or effect, without any further action on the part of the Bankruptcy Court or any Person. Further, all outstanding Equity Interests will be canceled on the books of the Debtor and the Reorganized Debtor and become settled and compromised solely as provided in the Plan and, with respect to the Debtor or the Reorganized Debtor, in consideration of the right to participate in distributions provided by the Plan. The holders of such canceled instruments, securities, and other documentation shall have no rights arising from or relating to such instruments, securities, or other documentation. The New Common Stock shall bear a new CUSIP number that is different from the CUSIP number for Existing Common Stock of the Debtor.

3. **Effective Date**. On May 5, 2016, pursuant to the satisfaction of the conditions set forth in Article XIII of the Plan, the Effective Date of the Plan occurred, and the Plan was substantially consummated. Further, the Debtor has achieved a Successful Capital Raise and therefore, the Plan is effective under the terms applicable to Scenario A as described in greater detail therein.

4. **Release, Exculpation, and Injunction**. Pursuant to the Confirmation Order, the release, injunction, and exculpation provisions in Article XI of the Plan are now in full force and effect.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

5. **Rejection Claim Bar Date**. In accordance with Section 8.4 of the Plan, if you are a counterparty to an executory contract or lease with the Debtor that has been rejected, then you must file a proof of claim for any damages arising from the rejection of such contract or lease by no later than thirty (30) days after service of notice of the rejected contract. Except as otherwise ordered by the Bankruptcy Court, any Claim resulting from the rejection of an Executory Contract not filed by the applicable deadline shall be discharged and forever barred, and shall not be entitled to any Distributions under the Plan. The Reorganized Debtor shall have the right to object to any rejection damage Claim.

6. **Access to Court Documents.** The Confirmation Order, the Plan, copies of the documents included in the Plan or any other document filed in this chapter 11 case are available on the Bankruptcy Court's website, for a fee, at https://ecf.deb.uscourts.gov/, as well as free of charge on the website established by the Debtor's claims and noticing agent, Epiq Bankruptcy Solutions, LLC ("Epiq"), at http://dm.epiq11.com/NUO.

7. **Distributions**. Before receiving any Distributions under the Plan, all Creditors must provide written notification of their respective Federal Tax Identification Number or Social Security Number to the Debtor or the Reorganized Debtor at the following address: Nuo Therapeutics, Inc., Attention: Richard J. DeMaio, 207A Perry Parkway, Suite 1, Gaithersburg, Maryland 20877. A W-9 form for providing such information may be obtained free of charge on the website established by Epiq at http://dm.epiq11.com/NUO.

8. **Post-Effective Date Notice Limited**. From and after this date, if you wish to receive notice of filings in this case, you must file a request for such notice with the clerk of the Bankruptcy Court and serve a copy of such notice on counsel to the Reorganized Debtor, listed below. You must do this even if you filed such a notice prior to the Effective Date.

[*signature on following page*]

| | |
|---|---|
| Dated: May 6, 2016<br>Wilmington, Delaware | **ASHBY & GEDDES, P.A.**<br><br>*/s/ Stacy L. Newman*<br>_____<br>William P. Bowden (No. 2553)<br>Karen B. Skomorucha Owens (No. 4759)<br>Stacy L. Newman (No. 5044)<br>500 Delaware Avenue, P.O. Box 1150<br>Wilmington, Delaware  19899-1150<br>Tel: (302) 654-1888<br>Fax: (302) 654-2067<br>Email: wbowden@ashby-geddes.com<br>           kowens@ashby-geddes.com<br>           snewman@ashby-geddes.com<br><br>-and-<br><br>**DENTONS US LLP**<br>Sam J. Alberts (admitted pro hac vice)<br>1301 K Street, NW<br>Suite 600. East Tower<br>Washington, D.C. 20005<br>Tel:  (202) 408-7004<br>Fax:  (202) 408-6399<br>Email: sam.alberts@dentons.com<br><br>-and-<br><br>Bryan E. Bates (admitted pro hac vice)<br>303 Peachtree Street, NE<br>Suite 5300<br>Atlanta, Georgia 30308<br>Tel.: (404) 527-4073<br>Fax: (404) 527-4198<br>Email: bryan.bates@dentons.com<br><br>*Counsel for the Debtor and*<br>*Debtor-in-Possession* |